# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ML FASHION, LLC, and ML RETAIL, LLC,<br><br>    Plaintiffs,<br><br> v.<br><br>NOBELLE GW, LLC, STEPHANIE MENKIN, SARIT MAMAN NAGRANI, and NICOLAS GOUREAU,<br><br>    Defendants. | Case No. 3:21-cv-00499-JCH |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION OF PLAINTIFFS MOTION TO COMPEL DISCOVERY ON COMPUTERS AND FOR FEES AND COSTS PURSUANT TO FED. R. CIV. P. 37(A)(5)**

**TABLE OF CONTENTS**

I.  PRELIMINARY STATEMENT ................................................................................................ 1

II. STATEMENT OF FACTS ..................................................................................................... 3

III. ARGUMENT ........................................................................................................................ 4

    A.  Legal Standard .............................................................................................................. 4

    B.  Plaintiffs have not met their burden of making a clear showing that the requested documents are relevant, and their requests are unreasonably duplicative ......................... 4

        i.    Realtime POS on the Desktop Computer .................................................... 5

        ii.   Info@shopnobelle.com Mail Client on the Computer ................................ 5

        iii.  Team Viewer on Both Computers ................................................................ 6

        iv.   Web Browser History on Both Computers .................................................. 6

        v.    Logme in Program on the Desktop Computer ............................................. 7

        vi.   The Folder on the Laptop Computer Named "Steph Reports." ................... 7

    C.  Defendants are substantially justified in not providing the requested documents. .............. 8

IV. CONCLUSION ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Chavez v. DaimlerChrysler Corp.*,
   206 F.R.D. 615, 619 (S.D.Ind.2002) ................................................................................... 4

*Duplan Corp. v. Deering Milliken, Inc.*,
   397 F.Supp. 1146 (D.S.C.1974) .......................................................................................... 4

*Pioneer Hi-Bred Int'l Inc. v. Holden's Found. Seeds, Inc.*,
   105 F.R.D. 76, 82 (N.D. Ind. 1985) ................................................................................... 4

*Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*,
   280 F.R.D. 147 (S.D.N.Y. 2012) ....................................................................................... 4

**Rules**

Fed. R. Civ. P. 26 .................................................................................................................... 4

Fed. R. Civ. P. 37 ............................................................................................................ 1, 4, 8

Defendants Nobelle GW LLC ("Nobelle"), Stephanie Menkin ("Menkin"), Sarit Maman Nagrani ("Nagrani") and Nicolas Goureau ("Goureau") (collectively, "Defendants") submit this memorandum of law in support of their opposition to Plaintiffs' motion for an order compelling discovery in connection with the forensic review of two computers, and awarding Plaintiffs the fees and costs incurred pursuant to Fed. R. Civ. P. 37 (a)(5).

## I.  PRELIMINARY STATEMENT

Plaintiffs have filed this motion to compel with the hopes that they can ignore the parties' agreements laid out in a Joint Report concerning discovery in order to conduct a fishing expedition into the two computers at issue. Plaintiffs give away the game with the scope of their request. The only reason to seek review of *all* of Nobelle's emails and point of sale is either to harass Defendants or to seek confidential information. Plaintiffs admit that Defendants have produced records including the exact emails they seek to review. Their request for further review is harassment, plain and simple.

Defendants have produced all the documents in their custody which pertain to Plaintiffs stated reasons for a full, unfettered review of the computers. Plaintiffs' motion admits they have received some of the very documents they now seek. Allowing Plaintiffs to conduct such a fishing expedition would not reveal any new relevant information which has not already been disclosed, but rather would simply allow Plaintiffs to access a slew of information, both private and personal as well as proprietary to Defendants' business.

Each of Plaintiffs' stated reasons for why the court should compel discovery fail. First, there is a dispute as to whether or not the computers are indeed Plaintiffs' property. The laptop at issue originally belonged to Gooberry Corp., an entity owned and operated by Defendants, which eventually also included Marcus Lemonis. The desktop at issue was recovered from a New York office belonging to Plaintiffs. However, when Defendants recovered the computer from this office, Plaintiffs had already abandoned the space. Plaintiffs cannot assert a property interest in property they readily abandoned.

Plaintiffs second argument that they should be able to review files created or modified while Menkin and Nagrani were officers or employees of Plaintiffs is without merit. Plaintiffs make this assertion as a last-ditch effort to bring files they know are otherwise undiscoverable into the scope of discovery. Indeed, Plaintiffs provide no reason to believe that any of the documents they request to review were created during this time frame.

Plaintiffs also argue that any privacy concerns are remedied by the Stipulation and Order Governing the Production and Exchange of Confidential and Attorneys' Eyes Only Confidential Information. (Dkt. No. 81)("Confidentiality Order"). While Defendants can and will designate any ***relevant*** documents as confidential or attorney's eyes only when appropriate, the existence of the confidentiality order does not simply allow Plaintiffs to conduct a broad fishing expedition to receive documents which have no relation to the matter at hand. As discussed below, Plaintiffs have failed to provide any reason as to why the requested documents are relevant. Even in the few instances where the files or programs do contain relevant information, such information has already been provided to Plaintiffs via document production, obviating the need for access to the stated files. Simply put, the existence of the Confidentiality Order bears no relevance as to whether or not such documents are discoverable.

Plaintiffs also argue for a full forensic review under the Computer Fraud and Abuse Act, claiming that the Defendants used the computers to steal trade secrets. This argument again fails, as the Defendants have provided all the relevant evidence sought by Plaintiffs. Rather, Plaintiffs are simply seeking to expand discovery beyond its scope to gain full access into Defendants' business operations that go beyond the relevancy in this matter and the agreed upon scope of discovery by the parties.

Plaintiffs' final argument again fails. Plaintiffs simply state that the restricted category of documents potentially contain files that are highly relevant to this action. However, Defendants have already provided all the relevant information that the computers contain. Allowing Plaintiffs to have unfettered access to these document categories would not only be duplicative of discovery

already served but would give Plaintiffs access to a vast amount of information that has no bearing on this matter, but is of either of a private or proprietary nature to Defendants.

Plaintiffs' motion is simply an attempt around the parties agreed upon scope of discovery in hopes to gather as much information from the Defendants as possible, despite the fact that the information they are requesting has no bearing on the matter at hand or, in the few instances that there are relevant documents, such documents have already been provided to Plaintiffs. As such, Plaintiffs' motion to compel should be denied.

## II.   STATEMENT OF FACTS

Following a hearing on September 15, 2021, the Court directed the parties to meet and confer further and submit a joint report by October 1, 2021. Dkt. No. 74. Following correspondence between Plaintiffs and Defendants, the parties submitted a Joint Report to the Court on October 1, 2021. Dkt. No. 77. The report, in addition to agreeing to a limited forensic review of the computers at issue, the parties agreed to the appropriate scope of discovery materials. With regard to the computers, the Joint Report notes that "Plaintiffs agreed that Defendants could provide a list of files that Defendants allege are proprietary to Defendants, and that those files would be held in quarantine and not reviewed…." Dkt. No. 77 at 9.

Pursuant to the Joint Report agreement, Defendants designated the following documents for quarantine from review: (1) files relating to the Realtime point-of-sale software program; (2) the info@shopnobelle.com mail client; (3) files relating to a program called "Team Viewer"; (4) the web browser history of the computers, (5) files relating to the Logme In software program; and (6) files in a folder titled "Steph reports." *Id*. Such documents were quarantined because unfettered access would reveal proprietary information that had no bearing on the case at hand. Nonetheless, during document production, Defendants provided documentation containing the very information Plaintiffs seek with this motion. Defendants refused to withdraw the proposed restrictions for this very reason.

### III.     ARGUMENT

#### A.     Legal Standard

"Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Federal courts have imposed special requirements when the documents sought would disclose trade secrets or confidential business information, noting that "the moving party must make a 'clear showing that the documents are relevant to the issues involved' in the litigation." *Pioneer Hi-Bred Int'l Inc. v. Holden's Found. Seeds, Inc*., 105 F.R.D. 76, 82 (N.D. Ind. 1985) (citing *Duplan Corp. v. Deering Milliken, Inc*., 397 F.Supp. 1146, 1186 (D.S.C.1974)). "A court can limit discovery if it determines, among other things, that the discovery is…unreasonably cumulative or duplicative" *Chavez v. DaimlerChrysler Corp*., 206 F.R.D. 615, 619 (S.D.Ind.2002) (citing Fed.R.Civ.P. 26(b)(2)).

If a motion to compel is granted, the court **must not** order payment of reasonable expenses incurred in making the motion if…the opposing party's nondisclosure, response, or objection was substantially justified. Fed. R. Civ. P. 37 (a)(5)(A)(ii)(emphasis added). "Substantial justification may be demonstrated where there is justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request, or if there exists a genuine dispute concerning compliance." *Diaz v. New York Paving Inc*., No. 18CIV4910ALCGWG, 2021 WL 3524107, at *8 (S.D.N.Y. Aug. 11, 2021)(citing *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012).

#### B. Plaintiffs have not met their burden of making a clear showing that the requested documents are relevant, and their requests are unreasonably duplicative

In their motion, Plaintiffs seek carte blanche to conduct a fishing expedition in discovery, specifically with respect to six programs or folders contained on the two computers at issue. However, Plaintiffs fail to make "a clear showing" as to why inspection of the identified folders would yield results relevant to their claims. *Pioneer Hi-Bred Int'l* 105 F.R.D. at 82.  The rationale

for why Plaintiffs should be allowed access to the programs discussed below is a shot in the dark at best. Plaintiffs simply furnish conclusory statements that such folders and programs may contain relevant information. Further, in addition to being insufficient to meet their burden of showing relevance, the few instances where there are relevant documents contained within the folders or programs, such documents have already been provided. In addition to revealing proprietary information and trade secrets not associated with this matter, Plaintiffs requests are unnecessarily duplicative. *Chavez* 206 F.R.D. at 619. As discussed below, to the extent that any relevant documents exist within the programs at issue, Defendants have already provided such documents to Plaintiffs via discovery. Now, Plaintiffs seek to use this motion to compel to subvert Defendants' document production and gain full access to programs and folders that contain proprietary information and trade secrets which are outside the scope of this litigation. As such, Plaintiffs' motion to compel should be denied.

        i.        **Realtime POS on the Desktop Computer**

The initial request for production filed by Plaintiffs requested "[a]ll documents in Defendants' possession, custody or control relating to Defendants' acquisition of all inventory, clothing, and/or any other item offered for sale by Nobelle." In the Parties Joint Report in Response to September 15, 2021 Order, after meet and confer efforts, the parties mutually agreed to produce responsive documents "as limited to Nobelle's sale of inventory originating from Plaintiffs' stores, Plaintiffs' vendors, or the Noemi Store." Defendants produced all such documentation in their custody and control. Now, Plaintiffs seek to ignore the parties agreed upon efforts, not only getting duplicative information to what was already provided but, obtaining **all** of Nobelle's sales data. Plaintiffs should not be able to ignore the parties' agreement to the appropriate scope of this request, which Defendants have appropriately responded to and produced.

        ii.        **Info@shopnobelle.com Mail Client on the Computer**

Plaintiffs allege that access to this mailbox **may** yield communications about inventory originating with ML Fashion, products also sold by Plaintiffs, communications with Customers, and communications with the Greenwich property landlord. Plaintiffs further that they believe that

communications with vendors were conducted via this email address, and that Defendants have not yet produced such communications. This is not true.

Plaintiffs' motion contradicts this very argument, stating in the same paragraph "Defendants have produced some limited emails from other @shopnobelle.com email addresses showing correspondence with a vendor." Indeed, Defendants have produced all communications in their custody with respect to what was requested and agreed upon by the parties. Plaintiffs even admit that Defendants have produced such communications. Despite receiving all documents in Defendants' custody which relates to the requested access, Plaintiffs now seek unfettered access to Defendants' business email.

        iii.       **Team Viewer on Both Computers**

To the extent any recorded meetings exist, Plaintiffs have not asserted a good rational for viewing any video recorded meetings from Defendants. Such a review would be extremely invasive. If such videos even exist, the invasion into Defendants' personal privacy, as well as potential inclusion of trade secretes is unfounded. Plaintiffs' bare assertion that "to the extent that Defendants' recorded video meetings discussing information or issues relating to the facts underlying Plaintiffs' claims, those recordings are highly relevant" is insufficient to compel discovery. Nonetheless, Defendants have produced all relevant communications during their document production, as agreed upon in the Parties Joint Report in Response to September 15, 2021 Order. Dkt. No. 77. Allowing Plaintiffs full, unfettered access to this program would not only allow Plaintiffs a look into non-relevant information, but would reveal proprietary trade secrets.

        iv.       **Web Browser History on Both Computers**

Similar to Plaintiffs' request for review of "Team Viewer" above, the extremely invasive nature of this request outweighs any potential fishing expedition. It is difficult to imagine how allowing Plaintiffs' access to the computers web browser history would yield any relevant information to their claims.

Regarding Plaintiffs' assertion regarding former employees, the argument fails to make any logical sense. The employees at issue all knew each other during their employment with Plaintiffs. It is unreasonable to believe that web browser history would reveal any relevant information related to contacting current or former employees. Defendants have already produced communications in the form of phone records showing any communications it had with former employees. Additionally, the only two former employees who Defendants contacted and hired, were not hired until August of 2020, long after they had been terminated by Plaintiffs. Defendants have provided similar information, both in the form of interrogatory responses and document production, relating to venders and products which overlap between Plaintiffs and Defendants. Allowing Plaintiffs to have unfettered access to the web browser history would simply yield proprietary and irrelevant information far beyond the scope of discovery. The information Plaintiffs seek to recover from this search has already been provided.

### v. Logme in Program on the Desktop Computer

Access to this program will not yield any relevant information to the matter at hand and would simply allow for Plaintiffs to have an inside look into the operations of Nobelle, far beyond the underline issues in this case. The Logme in program was used exclusively to connect to Nobelle's Point of Sale system directly. At no point did Defendants or Defendants employees use this program to access any of Plaintiffs information. Plaintiffs bare, conclusory assumptions that Defendants "may have" done so is insufficient to establish a clear showing of relevancy.

### vi. The Folder on the Laptop Computer Named "Steph Reports."

Plaintiffs use this assertion to wildly speculate in hopes that this folder contains "reports outlining how best to compete with Plaintiffs" stores." Plaintiffs hopes for such information is fanciful. Plaintiffs further argue that the folder is discoverable "to the extent it contains documents created or modified prior to the formation of Nobelle and/or during Ms. Menkin's time as an officer of ML Fashion…" without providing any reason for believing the folder would contain such information. In reality, the folder simply contains copies of Nobelle's sales reports, both those that have already been provided to Plaintiffs, and those the parties agreed were outside the scope of

7

discovery. Allowing Plaintiffs unfettered access to this folder would allow them to sidestep the parties' agreement in the Joint Report and exceed the scope of agreed upon discovery.

### C. Defendants are substantially justified in not providing the requested documents.

Defendants' non-disclosure is substantially justified under Rule 37 (A)(5)(ii) because there exists a genuine dispute concerning compliance with the request. *Diaz* 2021 WL 3524107, at *8. As noted throughout the ongoing discussions surrounding discovery, including the reasons noted throughout this motion, there exists a genuine dispute as to whether or not the requested documents are discoverable. Because of this genuine dispute, Defendants are substantially justified in not disclosing the requested materials. As such, even in the even the Court grants Plaintiffs' motion to compel, the Court must not award plaintiffs fees and costs. Fed. R. Civ. P. 37 (a)(5)(A)(ii).

### IV.  CONCLUSION

Defendants respectfully request this Court deny Plaintiffs' Motion and limit the forensic review of the computers to only those programs and files that contain information relevant to this matter and such other relief the Court may deem just and proper.

Dated: December 7, 2021

Respectfully submitted,

By: /s/ Brent J. Lehman
Brent J. Lehman (*pro hac vice*)
Gerard P. Fox (*pro hac vice*)
Marina V. Bogorad (*pro hac vice*)
**Gerard Fox Law P.C.**
1880 Century Park East, Suite 1410
Los Angeles, CA 90067
Telephone: (310) 441-0500
Facsimile: (310) 441-4447
blehman@gerardfoxlaw.com
gfox@gerardfoxlaw.com
mbogorad@gerardfoxlaw.com

-and-

Ryan P. Driscoll
**Berchem Moses, P.C**.

8

75 Broad Street
Milford, CT 06460
(203) 783-1200
Federal Bar ct27785
rdriscoll@berchemmoses.com

Attorneys for Defendants
Nobelle GW LLC, Stephanie Menkin
Sarit Maman Nagrani, Nicolas Goureau