```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

ML FASHION, LLC et al.,        :
                               :
      Plaintiffs,              :
                               :
      v.                       :  CASE NO. 3:21-cv-499(JCH)
                               :
NOBELLE GW, LLC et al.,        :
                               :
      Defendants.              :
```

### RECOMMENDED RULING ON PLAINTIFFS' MOTION FOR ATTORNEY FEES

On July 22, 2022, the Court granted Plaintiffs' Motion to Compel and Motion for Fees and Costs. (Dkt. #152.) Plaintiffs were instructed to "submit an application and memorandum detailing the amount of fees incurred in relation to [the] motion 14 days from the date of [the] Order." (Id. at 8.) On August 5, 2022, Plaintiffs filed their Motion for Attorney Fees. (Dkt. #155.) The undersigned gave the Defendants fourteen days to respond to the motion but, prior to the fourteenth day, the Honorable Janet C. Hall granted Defendants' Motion for a Stay. (Dkt. #161.) The stay was granted because the Plaintiffs had not complied with an order to pay $217,381.45 to the Defendants for attorney fees and costs by the court-ordered deadline of August 11, 2022. (Dkt. #161.)

On February 16, 2023, Judge Hall lifted the stay and ordered the Defendants to file a Memorandum in Opposition to the

1

Motion for Attorney Fees within fourteen days. (Dkt. #175.) The Defendants filed their memorandum on March 2, 2023 (dkt. #186) and the Plaintiffs filed a reply on March 6, 2023 (dkt. #192).

The sole issue before the Court is the proper amount of fees to be awarded pursuant to the Order, dated July 22, 2022. The undersigned will not address any tangential arguments raised by the parties regarding whether an award of attorney fees is appropriate. The Court has already made such a determination. (Dkt. #137 at 9-22; Dkt. #152 at 5-8.)

**Legal Standard**

In determining the amount of attorney fees to be awarded, courts in this district traditionally utilize "[t]he loadstar amount for attorneys' fees – . . . [the] presumptively reasonable fee, is the product of reasonable hours times a reasonable rate." Lavatec Laundry Tech. GmbH v. Voss Laundry Sols., No. 3:13-CV-00056 (SRU), 2018 WL 2426655, at *15 (D. Conn. Jan. 9, 2018)(internal quotations and citations omitted).

When determining the loadstar, the court must first determine the reasonable rate. In the Second Circuit Court of Appeals, the reasonable hourly rate is the "'prevailing market rate,' *i.e.*, the rate 'prevailing in the [relevant] community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" Farbotko v. Clinton County of New

2

York, 433 F.3d 204, 208 (2d Cir. 2005)(alteration in original)(quoting Blum v. Stenson, 465 U.S. 886, 895 n. 11 (1984)).  The analysis continues by determining the reasonable number of hours worked. "Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Lavatec Laundry, 2018 WL 2426655, at *16 (quoting Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998)).  The court may remove hours that it deems to be excessive, redundant, or unnecessary and may also issue an overall reduction for hours resulting from vague or insufficient time entries.  *See* Id.

When performing this function, the court may "adjust[] the result, if necessary, to arrive at a reasonable fee award, instead adopting a case-specific approach for determining a reasonable fee to award." Doe v. Darien Bd. of Educ., No. 3:11CV1581 (JBA), 2015 WL 8770003, at *1 (D. Conn Dec. 14, 2015)(citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany & Albany County Bd. of Elections, 522 F.3d 182, 184 (2d Cir. 2008)).  In so doing, a court should be "stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." Arbor Hill, 522 F.3d at 184.  In exercising its considerable discretion as to the appropriate fees, a court "may

3

increase or reduce the amount of the award in accordance with equitable considerations such as the *Johnson* factors." Lavatec Laundry, 2018 WL 2426655, at *15.[1]

**Whether the Requested Fees are Reasonable**

The plaintiffs seek attorney fees and costs in the amount of $20,461.05. In support of their motion, each lawyer has submitted a sworn declaration identifying his background, experience, hourly rate, and the number of hours that were billed in connection with the discovery dispute. As required, the lawyers have multiplied their hourly rates by the number of hours spent litigating the discovery dispute, to calculate the lodestar.  The Defendants do not object to the hourly rate or the lodestar calculation. However, the Defendants argue that Plaintiffs' fee should be reduced for a variety of reasons.

---

[1] As noted in *Doe v. Darien Board of Education*, the *Johnson* factors are
> (1) the time and labor required by an attorney; (2) the novelty and difficulty of the questions presented by the litigation; (3) the level of skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney because of acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) whether the case is undesirable; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Darien Bd. of Educ., 2015 WL 8770003, at *2 n.3.

4

First, since Judge Hall recently dismissed some of the Plaintiffs' claims with prejudice, the Defendants argue that "the Dismissal Order now presents changed circumstances that make any award of fees to Plaintiffs 'unjust' under Fed. R. Civ. P. 37(a)(5)(A)(iii)." (Dkt. 186 at 1.) Judge Hall's dismissal of the claims does not change the Court's prior determination that fees and costs are appropriate in relation to the motion to compel that was resolved on May 25, 2022, and July 22, 2022.[2] Indeed, during oral argument on February 16, 2023, Judge Hall rejected Defendants' argument that the decision to dismiss some of the claims makes it unjust to award attorney fees to the Plaintiffs. After noting that the Court had already determined that sanctions were appropriate, Judge Hall stated, "I'm having trouble understanding why that shouldn't go to a decision." (Dkt. #192-1 at 6.) Later, Judge Hall told defense counsel,

> I think when the background is if it's correct as to Judge Richardson's recitation, it's pretty serious discovery abuse that you should pay sanctions. The sanctions he's awarded. I don't understand why you get to wipe the whole slate clean here, not only these claims but, in effect, defendant's misconduct in discovery before this Court.

---

[2] Defendants' memorandum, at footnote 5, cites decisions in which courts have dismissed cases and then concluded that a pending motion for discovery and sanctions was rendered moot. In each case, the motion to compel discovery and award sanctions was still pending at the time of dismissal. In the instant case, the motion to compel discovery and award sanctions had been granted prior to the date of dismissal and the Court had already determined than an award of attorney fees was warranted.

(Id. at 8-9.)  The undersigned finds Judge Hall's statements and reasoning to be quite persuasive.

Next, the Defendants argue that "the fees should be reduced in consideration of just how little Plaintiffs' motion actually accomplished."  (Dkt. #186 at 3.) In support of this argument, the Defendants essentially re-argue the merits of the motion to compel and the value of the information that was requested. Defendants address each of the requested discovery items and explain why they were not particularly important. (Id. at 4-8.) However, the undersigned already addressed the relevance of each discovery request in the ruling on the motion to compel and will not revisit the issue of relevance in this recommended ruling. As the decisions dated May 25, 2022, and July 22, 2022, illustrate, the undersigned determined that the requested discovery was relevant within the meaning of Rule 26 of the Federal Rules of Civil Procedure and ordered the Defendants to comply with the discovery requests. (Dkt. #137 at 9-22; Dkt. #152 at 2-5.) The undersigned also found that the objections were not substantially justified. See dkt. #152 at 7-8 ("In light of the fact that plaintiffs established relevance for documents in each category of files sought, defendants' position was not substantially justified.")  The undersigned further noted that, "[e]ven if Rule 37(a)(5)(C)'s discretionary standard applied, defendants' overly broad objections in light of the

6

compromises defense counsel offered at the oral argument would have prompted the Court to award plaintiffs their fees and costs." (Id. at 8 n. 2.)

Although the undersigned has rejected the invitation to re-visit the merits of the discovery dispute, the undersigned believes that a reduction of fees is warranted given the manner in which the discovery dispute was litigated. The undersigned forecasted this potential result when he granted Plaintiffs' motion to compel and motion for attorney fees on July 22, 2022. More specifically, the undersigned stated,

> <u>both</u> parties took extreme approaches and were relatively inflexible. The Court will consider this fact when reviewing plaintiffs' fee application and determining the reasonable amount of fees and costs. The Court will also consider that it ended up narrowing <u>each</u> of plaintiffs' requests for production, when assessing the reasonableness of plaintiffs' fees.

(Id. at 8)(emphasis supplied in original.) In this regard, each party was somewhat inflexible prior to the oral argument. As the transcript of the oral argument shows, the undersigned addressed each discovery request and proposed a reasonable compromise for the parties to consider. (Dkt. #120.) The oral argument was akin to a meet and confer, as the undersigned reviewed the parties' proposals to narrow the discovery requests with the goal of figuring out why each proposal was supposedly unreasonable. (See *e.g.*, Id. at 24.) Based on the discussion, the undersigned ended up narrowing each of the discovery

7

requests.[3] Thus, although the Plaintiffs prevailed on the motion to compel, the discovery that the undersigned granted was not as broad as the discovery that the Plaintiffs had requested. Therefore, in accordance with equitable considerations, the undersigned recommends that the Court should exercise its discretion to reduce the amount of the requested award by 10%.

Based on the foregoing, the undersigned recommends that the Motion for Attorneys' fees in the amount of $20,461.05 (Dkt. #155.) should be GRANTED in part but reduced by 10% ($2,046.10). The undersigned recommends that the total amount of the award should be **$18,414.95.**

Any party may seek the district court's review of this recommendation. *See* 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) and 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate

---

[3] The undersigned recognizes that both parties played a role in this situation, but the undersigned took that fact into consideration when recommending that fees be awarded in the first place. (See dkt. #152 at n. 2).

review.  Small v. Sec'y of Health and Human Serv., 892 F.2d 15, 16 (2d Cir. 1989).

**SO ORDERED** this 13th day of March, 2023 at Hartford, Connecticut.

_____/s/_____

Robert A. Richardson
United States Magistrate Judge