**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ML FASHION, LLC, and ML RETAIL, LLC, | : | |
|     Plaintiffs, | : | CIVIL CASE NO. |
| | : | 3:21-CV-00499 (JCH) |
| v. | : | |
| | : | |
| NOBELLE GW, LLC, STEPHANIE | : | |
| MENKIN, SARIT MAMAN NAGRANI, | : | MARCH 29, 2023 |
| and NICOLAS GOUREAU, | : | |
|     Defendants. | : | |

**RULING ADOPTING, RATIFYING, AND AFFIRMING RECOMMENDED RULING**
**(DOC. No. 195)**

On July 22, 2022, Magistrate Judge Robert A. Richardson ("Judge Richardson") issued a Ruling (Doc. No. 152) granting the plaintiffs' Motion for Fees and Costs Pursuant to Rule 37(a)(5) of the Federal Rules of Civil Procedure. Plaintiffs were instructed to file an application and memorandum within fourteen days of Judge Richardson's Ruling, and they subsequently filed a Motion for Attorney Fees (Doc. No. 155) on August 5, 2022. The defendants then had fourteen days to respond, but this court entered a stay before that period elapsed. See Order (ECF No. 161). The stay was lifted on February 16, 2023, and the undersigned ordered defendants to file their opposition to the Motion within fourteen days. See Minute Entry for February 16, 2023 Proceeding ("2/16/23 Minute Entry") (Doc. No. 175). Thereafter, the defendants timely filed their Memorandum in Opposition (Doc. No. 188) and the plaintiffs filed a Reply in Support of the Motion for Attorney Fees (Doc. No. 192) six days later. On March 13, 2023, Judge Richardson issued a Recommended Ruling (Doc. No. 194) in favor of an award of attorneys' fees in the amount of $18,414.95. See id. at 8.

The Recommended Ruling is affirmed, adopted, and ratified.

1

The court reviews the Recommended Ruling de novo, but will not go into great detail regarding the reasons for awarding attorneys' fees in the amount $18,414.95 because the Recommended Ruling more than adequately addresses the relevant issues. The court makes the decision to affirm, adopt, and ratify the Recommended Ruling after considering the defendants' arguments raised in their Objection (Doc. No. 196) and in their original briefing before the Recommended Ruling.

In their objection, the defendants first argue that the award is disproportionate to the materials obtained as a result of the Motion to Compel. See Objection at 6–9. However, that argument—along with most of the defendants' objection—is essentially an attempt to rehash the arguments raised in opposing the Motion to Compel.[1] This court, like Judge Richardson, will "not revisit the issue of relevance in this . . . ruling." See Recommended Ruling at 6.[2]

The defendants next assert that the imposition of attorneys' fees at this stage is unjust or moot as a result of the court's dismissal with prejudice of the remaining claims. See Objection at 10–12. At the very least, the defendants contend, the attorneys' fees should be deducted from the outstanding $217,381.45, that the plaintiffs owe to the defendants. Id. at 10. Yet, as Judge Richardson recognized, "dismissal of the claims

---

[1] The defendants emphasize that they are not "quibbl[ing] with Judge Richardson's initial orders," Objection at 5–6, all the while doing exactly that.

[2] The defendants are correct that the Recommended Ruling cites to the incorrect oral argument in support for the proposition that the "oral argument was akin to a meet and confer." See Recommended Ruling at 7. Nevertheless, Judge Richardson referred to this discussion as evidence that he narrowed the discovery requests, but that the plaintiffs still ultimately prevailed on their motion to compel. See id. at 7–8. Regardless of the citation, that assertion remains true. See Ruling on Motion to Compel and Motion for Fees and Costs Pursuant to Fed. R. Civ. P. 37(A)(5) at 7–8 ("[A] compromise position was reached for every request for production, addressing defendants' concerns about revealing their proprietary information. In light of the fact that plaintiffs established relevance for documents in each category of files sought, defendants' position was not substantially justified.").

does not change the Court's prior determination that fees and costs are appropriate in relation to the motion to compel that was resolved on May 25, 2022, and July 22, 2022." Recommended Ruling at 5.

Moreover, it is of no consequence that the plaintiffs "forced [d]efendants to incur unnecessary fees first." See Objection at 10 (emphasis in original). Instead, what matters is that the court has already addressed the plaintiffs' misconduct by imposing a final remedy—dismissal with prejudice of the remaining claims. See 2/16/23 Minute Entry at 1. Thus, the defendants have already received a more than substantial remedy under Rule 41. This remedy imposed against the plaintiffs, however, does not diminish the defendants' wrongdoing in discovery. Indeed, just as the court was unwilling to let the plaintiffs escape accountability for their failure to promptly pay Rule 41(d) costs, the court is similarly averse to allowing the defendants to evade consequences for their discovery abuse. It is the court's view that, given the conduct of the parties in this case, neither the plaintiffs nor the defendants should have their proverbial cake and eat it too.

Finally, the defendants maintain that, even in the face of a presumptively reasonable fee, "the [c]ourt should also consider whether a further reduction of the fees is warranted given the financial disparities between the parties." Objection at 12; Charles v. Seinfeld, 2022 WL 889162, at *9 (S.D.N.Y. March 25, 2022). Despite this claim, defendants offer no evidence of their inability to pay nor of any other circumstance that would make the imposition of the award contemplated unjust. The claim that defendants' "small business" is not as successful as the plaintiffs' enterprises, see Objection at 13, does not, by itself, render the award inequitable. This court

concludes that the amount recommended by Judge Richardson is quite reasonable and adequately takes into account "equitable considerations."  Recommended Ruling at 8.

Thus, the Recommended Ruling (Doc. No. 195) is affirmed, adopted, and ratified. The plaintiffs' Motion for Attorney Fees (Doc. No. 155) is granted in part, but reduced to a total award of $18,414.95.

**SO ORDERED.**

Dated at New Haven, Connecticut this 29th day of March 2023.

  /s/ Janet C. Hall
Janet C. Hall
United States District Judge